**BUTKO CHEVRON/JOE BUTKOVICH,
Petitioner,**

v.

**The Honorable Paul G. GRANT,
Respondent.**

No. 920145–CA.

Court of Appeals of Utah.

May 4, 1992.

Ralph J. Marsh, Salt Lake City, for petitioner.

Colin Winchester, Salt Lake City, for respondent.

Before ORME, BILLINGS and RUSSON, JJ.

PER CURIAM:

Butko Chevron/Joe Butkovich petitions this court, pursuant to Rule 19, Utah Rules of Appellate Procedure, for a writ of mandamus directed to the Honorable Paul G. Grant, Judge of the Third Circuit Court, ordering him to reverse the Order of February 25, 1992, dismissing petitioner's appeal of a small claims judgment. We grant the petition.

Petitioner was the defendant in a matter tried in the small claims court of the Third Circuit Court, Park City Department. Petitioner was represented by attorney Ralph J. Marsh at the trial held on October 16, 1991. At the conclusion of the trial, the court took the matter under advisement. Marsh requested the court clerk to provide him with notice of the judgment and left his business card.

At some time after the trial, a pre-printed small claims judgment form was prepared granting the plaintiff judgment against the petitioner/defendant. Although the clerk initialed the printed statement that both plaintiff and defendant received copies of the judgment at the hearing, Marsh represents that this did not occur. The form judgment contained the following preprinted paragraphs:

TO THE DEFENDANT ONLY:

If the above judgment was granted in favor of the plaintiff, you now have a judgment against you in the Circuit Court in the amount specified above. If you are dissatisfied with this judgment, you have (10) days from receipt of this notice to appeal the case,

TO THE PLAINTIFF:

You should mail a copy of this notice of judgment to the defendant IMMEDIATELY. The defendant has 10 days from receipt of the notice to appeal the case. You must complete the mailing certificate and file the original of this judgment with the court before you can proceed with any further court action.

An additional printed statement at the bottom of the form states, "EITHER PARTY MAY APPEAL BY FILING A NOTICE OF APPEAL WITHIN 10 DAYS OF JUDGMENT."

The mailing certificate was completed by plaintiff and dated October 21, 1991. Plaintiff attempted to send a copy of the judgment to defendant by certified mail, but defendant did not receive it. Plaintiff then contacted Marsh by telephone and indicated that she had been unable to send a copy of the judgment to defendant. Marsh requested that plaintiff mail the judgment to him. He represents that he received the judgment on November 22, 1991 and mailed a notice of appeal to plaintiff and the court the same day.

The appeal was set for trial de novo on February 4, 1992. Without taking any evidence, the trial court dismissed the appeal for lack of jurisdiction "because the Notice of Appeal was filed more than ten days after the attempted delivery of the court's decision."

Utah Code Ann. § 78-6-10 (Supp.1991), governing appeals from small claims judgments, provides:

(1) Either party may appeal the judgment of the small claims department of the circuit or justices' court to the circuit court of the county by filing a notice of appeal within ten days of the notice of entry of the judgment.

(2) The appeal to the circuit court is a trial de novo and shall be tried in accordance with the procedures of the small claims department, except a record of the trial shall be maintained. The trial de novo may not be heard by a small claims court judge pro tempore appointed under Section 78-6-1.5. The decision of the trial de novo may not be appealed unless the court holds a state statute or local ordinance unconstitutional.

Section 78-6-10(1) provides that "notice of entry of the judgment" triggers the commencement of the appeal time. This language contrasts with the provisions of Rule 4(a), Utah Rules of Appellate Procedure, which provides that an appeal shall be taken within 30 days "after the date of entry of the judgment or order appealed from", except that "when a judgment or order is entered in a statutory forcible entry or unlawful detainer action, the notice of appeal ... shall be filed with the clerk of the trial court within 10 days after the date of entry of the judgment or order appealed from." Section 78-6-10(1) provides that the defendant must receive actual notice the small claims judgment has been entered before the 10 day appeal period commences. The plain meaning of the statute does not support an interpretation that the appeal time begins to run from either entry or mailing of the judgment. In the absence of any evidence that the notice of appeal was filed more than ten days after defendant or Marsh received actual notice of the judgment, the appeal must be deemed timely and heard on the merits.

The petition is granted, and the respondent is ordered to vacate the order of February 25, 1992 dismissing the appeal on the merits, and to schedule a hearing to consider evidence as to the date of actual notice of the judgment and timeliness of the notice of appeal. If the court determines that the notice of appeal was filed within ten days of actual notice, the court shall hear the appeal in a trial de novo in accordance with section 78-6-10.

ORME, BILLINGS and RUSSON, JJ., concur.